# THE CHICAGO WEST DIVISION RAILWAY COMPANY
## v.
## WILLIAM A. BECKER.

*Evidence—Action for Damages for Causing a Death—Declarations of the Deceased—Res Gestæ.*

In an action to recover damages f r causing the death of the plaintiff's infant son, this court sustains the action of the court below in the admission of the declarations of the deceased, made within a few minutes after the injury, to the effect that he was thrown from one of the defendant's cars by the conductor.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. W. B. KEEP, EDMUND FURTHMANN and H. H. MARTIN, for appellant.

The transaction was completely over when the declaration was made—it was as much over as it would have been an hour, or two hours, or a day, or a month later. The participants in the transaction had separated, and so far as this record goes, so had all the spectators, if there were any.

The material affair here occurred on the car between the servants of the appellant and the boy; everything that took place between appellant's servants and the boy took place there, and ended fully and completely when the boy left the car, whether he was thrown off or jumped off. When the boy went from the car to the ground, and the car passed on, the transaction between him and appellant's servants was as fully and effectually determined as it was a week later.

The following authorities are decisive, both in their facts and reasoning, against the admission of the declarations here: Waldele v. R. R., 95 N. Y. 275; Sullivan v. R. R., 12 Oregon, 393; Williamson v. R. R., 144 Mass. 148; Mayes v. State, 1

South. Rep. 733; Martin v. R. R., 103 N. Y. 626;   State v. Pomeroy, 25 Kan. 349; R. R. v. Mara, 26 Ohio St. 185; Comm. v. James, 99 Mass. 438; Binns v. State, 57 Ind. 46; Bedingfield's Case, 14 Cox C. C. 341; Adams v. R. R., 74 Mo. 553; State v. Brown, 64 Mo. 367; Forrest v. State, 21 Ohio St. 641; R. R. Co. v. Womack, 4 South Rep. 618; People v. Ah Lee, 60 Cal. 85; R. R. Co. v. Moore, 6 S. West. Rep. 631; Regina v. Osborn, 1 C. & M. 622; Luby v. R. R. Co., 17 N. Y. 131; State v. Rider, 8 S. W. Rep. 723; Ry. Co. v. Weakly, 8 S. West. Rep. 134; R. R. Co. v. Hawk, 72 Ala. 112; Worden v. Powers, 30 Vt. 619; Lane v. Bryant, 9 Gray, 245.

Messrs. CAMPBELL & CUSTER for appellee.

*Per Curiam.*   This is an appeal from a judgment for damages for causing the death of Henry J. Becker, infant son of appellee.   The material question presented in the case arises on the admission by the court of the declaration of the deceased, which was made within a few minutes after the injury, to the effect that he was thrown from one of appellant's cars by the conductor thereof.   The evidence was admitted on the ground that it was a part of the *res gesta.*

It may be conceded that the authorities on this question are not uniform, but the Supreme Court of the United States has held similar evidence proper.   Insurance Co. v. Mosely, 8 Wall. 397.   The Supreme Court of this State has stated the rule to be, that the act, declaration or exclamation must be so intimately interwoven or connected with the premises, principal fact or event which it characterizes, as to be regarded a part of the transaction itself, and also to clearly negative any premeditation or purpose to manufacture testimony.   Lawler v. The People, 104 Ill. 248.   While there may remain some doubt as to the correct rule, we are inclined to abide by the decision of the highest court in the land, until the Supreme Court of the State shall announce its dissent therefrom.   We think the other assignments of error are not well founded. The judgment is affirmed.

*Judgment affirmed.*